PEARSON, Chief Judge
(dissenting).
A party may not properly ask his expert witness a hypothetical question unless that question is based on some previous testimony or other evidence in the record. Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. 90 (1922). In Point One of her brief the appellee tries to show she has met the requirement of the foregoing rule. She lists 16 assumptions made in a hypothetical question put to traffic expert Dollar and 16 items as supporting testimony for the assumptions. Two of those items are portions of expert opinion testimony previously given by traffic expert Dollar. Since “[t]he opinion of the expert cannot constitute proof of the existence of the facts necessary to the support of the opinion”,[1] the two items could not legitimately be used as bases for the hypothetical question put to Dollar. The court should therefore not have permitted the question to be asked or answered. Because jurors are human, they are apt to accept the conclusion of an expert witness without referring to the basis of that conclusion. See 2 Wigmore on Evidence, § 682, p. 808. Courts should therefore exercise extreme caution in the area of expert witness testimony. Here the trial court was not cautious enough.
For the foregoing reasons I would hold that the court erred in permitting the ap-pellee over appellants’ objection to put the hypothetical question to Dollar and would remand the cause for a new trial.

. Arkin Construction Company v. Simpkins, Fla.1957, 99 So.2d 557, 561. Cf. 58 Am.Jur., Witnesses, § 855, p. 484.